## YORK v. CLEMENS.

1. **Partnership:** DISSOLUTION: EVIDENCE. A contract of partnership need not be in writing; and a parol agreement for dissolution or settlement is valid and may be enforced.

2. ———: EVIDENCE: OWNERSHIP OF LAND. Where the title to land belonging to a partnership is vested in one of the partners, the fact that it is partnership property may be established by parol.

3. **Practice:** DISCRETION OF COURT: CONTINUANCE. The filing of an amended petition, presenting the same cause of action as the original petition, will not, of course, require the granting of a motion for continuance. In the exercise of discretion the court may refuse such a motion.

4. ———: EXCEPTIONS. An error in the ruling of the court is waived by a failure to except thereto.

5. **Practice in the Supreme Court:** COSTS. Under an agreement of counsel that no question should be made respecting the sufficiency of the evidence to sustain the verdict, it was *held*, that costs should not be taxed for so much of appellee's argument as discussed that question.

*Appeal from Marshall Circuit Court.*

MONDAY, JUNE 21.

ACTION AT LAW. An amended petition, filed after the commencement of the trial, sets out the cause of action in the following words:

"That prior to the 16th day of September, A. D. 1872, plaintiff, being an experienced miner, prospected for and discovered coal on certain land in Boone county, Iowa, to-wit: The north-west quarter of the south-east quarter and the south one-fifth of the south-west quarter of the south-west quarter of the north-east quarter, all in section 12, township 84, range 25, west 5th P. M., Iowa; said forty acres being then owned by one Michael Zenor and said two acres by one Charles Weston, of whom plaintiff obtained leave to sink a trial shaft for the purpose of testing the value of said discovery, and plaintiff then and there commenced said trial shaft.

" Thereupon plaintiff entered into a bargain for the purchase

of the said land with the said Zenor at the agreed price of two thousand dollars, and afterwards with said Weston for said two acres at the agreed price of one hundred dollars. That inasmuch as said Zenor required plaintiff to give security for said two thousand dollars other than the land itself, and plaintiff being poor and embarrassed and unable to give such security, plaintiff entered into an agreement, not in writing, with defendant, to take a half interest in the purchase of both of said tracts of land and give the required security.

" And in order to secure defendant and indemnify him against any loss on account of plaintiff, in case plaintiff should fail to pay his half of the purchase money, it was agreed, not in writing, between plaintiff and defendant that defendant should take and hold the title to the land to be purchased.

" That pursuant to said last mentioned agreement, defendant took the title in his own name to the land aforesaid and gave to said Zenor the necessary security.

" That before said purchase was completed as aforesaid, this plaintiff had completed said trial shaft and satisfactorily and successfully tested the value of the discovery of coal as aforesaid made by plaintiff.

" That upon the completion of said purchase, plaintiff entered into the full and complete possession of the premises with the full knowledge, consent and sanction of defendant. That afterwards and in pursuance of the agreement aforesaid, plaintiff became and was a full partner of defendant therein, sunk a large working shaft for the purpose of mining the coal, and continued in partnership with defendant in the ownership and operating of said mines and land, and, by the large experience and skill of the plaintiff, said mines were developed and became very valuable, and thereby worth about nine thousand dollars; and said partnership and labor continued until about the 20th of December, A. D. 1872, when plaintiff and defendant agreed, not in writing, that the interest of plaintiff therein was worth the sum of $2,800.00 over and above all of plaintiff's liabilities thereunder. That plaintiff's said interest was equal in value to the one-third of said forty-two acres of land with said improvements. That one third of said property should

be sold to one Perigo whom defendant desired to associate with him in the property and in the operation of the same at and for the said sum of two thousand eight hundred dollars, and that defendant should pay that sum to plaintiff, which should be in full of his interest in said partnership and property. That then and there said sale was accordingly made and the price aforesaid was fully realized therefrom by said defendant, and the defendant still keeps and holds the same and neglects and refuses to pay the same to plaintiff though often requested to so do.

"That all of said sum is justly due from defendant and wholly unpaid, save $200.00 paid thereon in December, A. D. 1873."

Upon the filing of this amended petition, defendant asked that the cause be continued on the ground that the character of the action and the foundation of the claim of plaintiff were changed by the new pleading. This was refused.

Issues were formed by proper pleadings upon this petition, and the case was tried to a jury, with the result of a verdict and judgment for plaintiff. Defendant appeals. All other facts involved in the points of law ruled in the opinion are sufficiently stated therein.

*Brown & Sears*, (with whom were *Kidder & Cook*) for appellant.

If the discretion of the court in regard to granting continuances is abused, the refusal of a motion to continue should not be sustained. (*Snediker v. Poorbaugh*, 29 Iowa, 488.) Both legal and judicial discretion is required. (*Boone v. Mitchell*, 33 Iowa, 45.) The court cannot act arbitrarily, nor in violation of the rights of the parties. (*The State v. Rohrabacher*, 19 Iowa; 154.)

An action for the recovery of money derived by defendant from the sale of plaintiff's equitable interest in real estate, of which the title was in defendant, should be in equity. (*Botsford v. Burr;* 2 Johns. Ch., 405; Story's Equity, Sec. 534.) Parol evidence is not admissible to change an absolute

title into one of express trust. (Code, Secs. 3664, 1934; *Ratliff at al. v. Ellis*, 2 Iowa, 501; *Holland et al. v. Hinsley et al.*, 4 Id., 222.) The whole foundation of a *resulting* trust is the payment of money. (*Willis v. Willis*, 2 Atk., 71.) If the party who sets up a resulting trust made no payment, he cannot show by parol proof that the purchase was made for his benefit or on his account. (*Bartlett v. Pickersgill*, 4 East., 577.) The promise to pay a sum of money in consideration of the release of an equitable title is within the statute of frauds. (*Hughes v. Morse*, 7 Cranch, 176; *Graves v. Dugan*, 6 Dana, 331; *Steere v. Steere*, 5 Johnson Ch., 1; *White v. Carpenter*, 2 Paige Ch., 239; Story's Eq., Sec. 972; *Bragden v. Bradbear*, 12 Ves., 471; *Whitchurch v. Bevis*, 2 Bro. Ch., 567; *Buckmaster v. Harrop*, 7 Ves., 347; *Leman v. Whitley*, 5 Russ., 423; Story's Eq., Sec. 758; *Blair v. Bass*, 4 Blackf. 539.)

A voluntary agreement by one holding the legal title, to pay one having the equitable title to a part interest, is not enforceable at law. (*Minturn v. Seymour*, 4 Johns. Ch., 498; *McIntire v. Hughes*, 4 Bibb., 186.) A contract to be enforced must be certain in terms and mutual. (Story's Eq., Secs. 751–2, 767; *Carr v. Duval*, 14 Peters, 77; *German v. Machin*, 6 Paige, 288; *Colson v. Thomson*, 2 Wheat., 336.) A petition at law in an action equitable in its nature is open to demurrer. (*Claussen v. Lafranz*, 4 Greene, 224.) After demurrer the same matter may be raised by motion in arrest. (*State v. Shepard*, 10 Iowa, 126; *Draper v. Ellis*, 12 Id., 316; *Nollen v. Wisner & Van York*, 11 Id., 190.) A resulting trust will not arise unless the plaintiff paid the whole or some part of the purchase money, and unless the money formed at the time the consideration or a part of the consideration of the purchase. (*Case v. Codding*, 38 Cal., 191; 2 Story's Eq., Sec. 1201; Hill on Trusts, 150; Kent's Com. (12 ed.), 305. No trust arises where the vendor gives credit to the vendee and afterwards a third person furnishes the money when due. (*Buck v. Swazey*, 35 Me., 41; *Buck v. Pike*, 35 Id., 9; *Pennock v. Clough*, 16 Vt., 500; *Rogers v. Murray*, 3 Paige, 390.) Also, in regard to what is required to establish a result-

ing trust, see *Noel v. Noel,* 1 Iowa, 423; *Bruce v. Reed,* 3 G. Greene, 371; *Parker v. Pierce et al.,* 16 Iowa, 227; *Sunderland v. Sunderland,* 19 Id., 325; *Nelson v. Worrell,* 20 Id., 469; *Maple v. Nelson,* 31 Id., 322; *Shepherd v. Pratt,* 22 Id., 296.

*Hindman & Ritchey, Henderson & Merriman* and *James A. Henderson,* for appellee.

The right to a continuance on account of an amendment is not absolute, but rests in the discretion of the court. (Code, Sec. 2691.) Exception must be taken to a ruling of the court to which objection is made, or it will be presumed to have been waived. (Code, Sec. 2519.) Parol testimony is admissible to prove a resulting trust, where the party offering it has paid any part of the purchase price or where the party entered into possession, or, being in possession, has made valuable improvements. (*Ellis v. Mosier,* 2 G. Greene, 247; *Brooks et al. v. Ellis,* 3 Id., 527; *McIntire v. Skinner,* 4 Id., 91; *Bryant v. Hendricks,* 5 Iowa, 559.) These decisions rest upon the principle that the party was in possession at the time of the purchase, and had made valuable improvements, and this constitutes a good consideration. (*Freeman v. Holliday,* Morris, 81; *Starr v. Wilson,* Id., 30; Chitty on Con. (7 Am. Ed.) pp., 30, 34.) A valuable consideration is either money or something that is money's worth, and will support a use in favor of a stranger. (2 Wash. Real Prop., 2d Ed., p., 102; 1 Pars. on Con. 5 Ed. p., 431.) A deed made upon *good* consideration only is a voluntary conveyance, but upon a *valuable* consideration is of a different character. (2 Wash. Real Prop., p. 613.) Trust and confidence in another often form a sufficient consideration. (1 Pars. on Con., 445.) A promise is a good consideration for a promise, and is so previous to and without performance. (1 Pars. on Con., 448; Chitty on Con., pp. 46, 47.)

A contract of partnership may be established by parol proof, and this may be done by the declarations or admissions of the party against whom it is sought to be established, or

from the nature of the transactions themselves. The common stock of a partnership consists of whatever is acquired by the joint exertions or skill of the partners. (Story on Part., Sec. 93, p. 148.) If one of the partners has a one-third and the other a two-thirds interest, they will have the same proportionate interest at equity in partnership lands, though they were conveyed to them in equal shares as tenants in common. (*Putnam v. Dobbin*, 38 Ill., 397.) One holding the legal title to partnership real estate cannot be compelled to convey a moiety to his co-partner, when the balance of accounts is against the latter. (*Williams v. Love*, 2 Head., 81.) Real estate purchased with the partnership funds for partnership purposes is partnership property, whether the legal title is in the name of one or all of the partners. (Story on Part., 6 ed., Sec. 93, p. 153.) If the existence of a partnership be proved, whether by parol or otherwise, and the fact that land has been purchased with partnership funds be established, then an implied trust, which is excepted from the statute of frauds, attaches to the land. (Story on Part., pp. 155–6.) A purchaser of land by one of two partners, in his own name, for partnership purposes, accrues to the benefit of the firm. (*Lacey v. Hall*, 37 Pa. St., 360.) The one in whom the legal estate is vested is trustee for the firm. (3 Kent. Com., 11th Ed., 38.) Likewise of a lease taken for the firm. (Collier on Part., 78.) This may properly be considered an action for the recovery of money had and received, for money due on settlement, or for plaintiffs' interest in the profits of a joint purchase. (*Coles v. Coles*, 15 Johns., 159; Collier on Part., 152-3-4; 1 Pars. on Con., 163.)

BECK, J.—I. The plaintiff introduced evidence tending to support the allegations of fact contained in the petition, which, at the time, was objected to on the ground that a trust and the sale of lands were sought to be established by parol evidence.

The amended petition was also assailed by a motion in arrest of judgment, on the ground that plaintiff seeks to recover under an express trust which is not evidenced by writing, the defendant appearing to hold the title of the land for the use

and benefit of plaintiff, whose interest therein is not shown by written instrument as required by the statute of frauds.

The character of the transactions set out in the petition and the rights of plaintiff thereunder, it becomes our duty to determine. The petition alleges that plaintiff and defendant became partners in the business of mining coal; that certain land was the property of the firm; that the firm was dissolved, and its business settled by a parol agreement, whereby plaintiff was entitled to receive a certain sum; that this sum was equal to a certain portion of the land, which defendant agreed to sell to another who had entered into the same business with defendant, and pay the proceeds to plaintiff, and that the contract was carried out and performed by plaintiff and also by defendant, except his failure to pay over the proceeds of the land, or the sum to which plaintiff was entitled, to him.

The allegations of the petition as to the history of the formation of the partnership, and the purchase of the land which became partnership property, are mere surplusage and show nothing inconsistent with the allegations just stated.

A contract of partnership need not be in writing, nor is an agreement for the dissolution and settlement of a partnership required to be witnessed in that way. Upon an agreement of that character is this action based. The doctrine of trusts and the statute of frauds have nothing to do with it, and it may be established by parol evidence. The petition alleges that plaintiff's interest in the firm property was found by agreement to be $2,800, equal to the value of one-third of the land, which, under the contract for dissolution, was to be sold by defendant and the proceeds paid to plaintiff; that it was sold under the agreement for the sum named, and that defendant has failed to pay, as he is bound by his contract. This contract is a very simple one, and of a character very common among business men. It requires, indeed, very great ingenuity to bear it among the mists of express and resulting trusts and the statute of frauds.

1. PARTNERSHIP: dissolution: evidence.

The legal title of lands belonging to a firm may be held by

one partner.    Story on Part., (6 ed.,) p. 148, § 93 and note. 2. ——: evidence: ownership of land.    And if a partnership is found to exist, it may be shown by parol evidence that its property consists of land.    Lindley on Partnership, 121.    So it was competent to prove by parol, that the land described in the petition was partnership property.    Story's Part., (6 ed.,) p. 155, § 93 and note.    But defendant was bound by the agreement, settling and dissolving the partnership, to pay plaintiff the value of one-third of the land which was fixed by the parties at $2,800, and that interest in the real estate was actually sold for the sum mentioned.    In order to entitle plaintiff to recover under the contract, it was not necessary to inquire into the title of the land.    Defendant was estopped by his agreement to raise any question as to the title of the property, with a view to release himself from his obligation.

II.    It is insisted that the court erred in refusing to continue the case upon defendant's request, based upon surprise 3. PRACTICE: discretion of court: continuance.    wrought by the filing of the amended petition. We do not think there was an abuse of discretion in the ruling of the court refusing the continuance. The cause of action, as shown in the original petition, is the same as that set up in the amendment.    The language and terms used to set it out differ.    Plaintiff alleges in the first that he is entitled to a third interest in all the land, which interest was sold by defendant and the proceeds used by him, which he refuses to pay, etc.    At all events, defendant fails to show that he suffered any prejudice from the trial having been proceeded with after the amendment; that he had not information of all the evidence required to make his defense, that his witnesses were not all present or the like.    We will not presume prejudice, in the absence of any showing that it was probably suffered by the party complaining.

III.    Defendant, after the amended petition was filed, orally requested the court to change the cause to the chancery docket. 4. ——: exceptions.    This was refused and defendant now complains of the court's action in this matter.    We cannot review it, no exceptions having been taken thereto in the court

below. The error, if any there be in the ruling of the court, was waived by the failure to except. Code, § 2519.

IV. Certain instructions given to the jury are complained of as erroneous. They are in harmony with the principles upon which this opinion is based, and recognize the right of plaintiff to recover under the facts alleged in the petition, and announce certain familiar rules of law for the guidance of the jury. They demand no further attention.

V. Notwithstanding all questions as to the sufficiency of the evidence to sustain the verdict were expressly waived, 5. PRACTICE in the appellant has printed a full abstract of the evi-
the Supreme
Court: costs. dence, and discusses it at considerable length, with a view to establish the proposition that the verdict should have been the other way. And counsel for plaintiff, while they insist that the sufficiency of the evidence is not before the court, and rely upon an agreement of the other side not to present the question, occupy many pages of their printed argument with quite an elaborate discussion of the evidence. It is hardly necessary to remind counsel of the familiar rules of the law and practice of this court, which render useless such discussion. It is not only useless, but, by unnecessarily consuming our time, detrimental to the prompt dispatch of the business of the court. We cannot permit counsel to indulge in such practice.

Fifteen pages of plaintiff's argument will be deducted from the whole number, in taxing the costs for printing to which he is entitled. We cannot visit a like penalty upon defendant, as he will be required to pay his own costs by the final judgment of this court. But we will remind counsel that hereafter for such transgressions, proper penalties, other than in the nature of costs, will be imposed, upon the recurrence of such violations of the rules and practice of this court.

AFFIRMED.