*966 OPINION.
Trussell:
The testimony appearing in the record of this action conclusively establishes that on or before July 1, 1905, Abraham Moorhouse and his two children, Julia B. and O. B. Moorhouse, entered into a partnership for carrying on a grain, lumber, and coal business, and that in that partnership A. Moorhouse retained a 50 per cent interest and that he gave to each of his children a one-fourth interest. Further testimony concerning the conduct of that business from 1905 to 1923 is convincing that the partnership had continued without interruption and without change and that at the date of the death of A. Moorhouse he owned only 50 per cent interest in the assets of that business. The original partnership agreement, although not evidenced by any written instrument, was valid and binding at the time it was made and by the continued conduct of the partnership remained valid and binding until the death of one of the partners. Cf. Smith v. Smith, 179 Iowa 1365; Sullivan v. Sullivan, 99 N. W. 1022. The record further establishes that the properties and investments which were added to the partnership assets were purchased with partnership funds and although some of them were taken in the name of A. Moorhouse they were the property and assets of the partnership. Cf. Lutz v. Billick, 172 Iowa 546; York v. Clemins, 41 Iowa 95, 101.
Respecting the value of the stock of other corporations here in dispute, the record contains the testimony of the surviving partners and also of the president of the First National Bank of Glidden, Iowa. This is the testimony of persons well qualified to give opinion evidence of value of the properties in question. It is uncontradicted and in our opinion clearly establishes the values hereinabove set forth in the findings of fact. Respecting the value of the elevator building *967 at Ralston, the respondent produced testimony of a revenue agent who had made a report concerning the estate-tax return here under consideration. It is apparent, however, from the record that the revenue agent misunderstood the information which he undertook to gather and reported to his superiors the value of the Ralston elevator and its contents at the time he made the inquiry and not its value as of September 8,1923. All the other testimony in the record establishes the value of this elevator on September 8, 1923, as $4,000.
The deficiency may he redetermmed in accordance with the foregoing fundings of fact and opinion upon 15 days’ notice, pursuant to Rule 50, and judgment will he entered accordingly.
Considered by LittletoN, Smith, AND Love.