## SARAH MORAN v. WILLIAM DAWES.

This court has no jurisdiction to restrain a defendant in a suit at law, after verdict against him, and before judgment, from alienating his property.
Nor can the court interpose, though the declared object of the defendant be, to defeat the effect of the impending judgment.
The mere intention of the defendant to sell his property and convert it into money, does not subject the case to the laws concerning fraudulent conveyances.

THE complainant had recovered a verdict at law, for nine thousand dollars against the defendant, in an action for seduction. The defendant moved for a new trial; and before judgment at law could be perfected, he advertised his whole real property in the city of New York, which was very considerable, for sale by public auction. The bill charged, that this was done with the express intent to defeat the recovery of the damages on the expected judgment; and that to deter the complainant from bringing the action, the defendant had threatened, that in the event of a recovery, he would convert all his property into money, and go on to the jail limits. The object of the bill was, to restrain the defendant from selling or incumbering his real property, until the supreme court should give judgment at law.

An injunction having been granted by a master:

MR. SPENCER now moved to dissolve the injunction.

This is an attempt without a precedent, to raise a lien not allowed by law. If it can be done in this case, it may be done in all cases where causes are suspended at law, upon motions for new trials or in arrest of judgment. Virtually, judgments will be given against defendants, before it is judicially determined whether they are liable or not. No such power can be exercised before judgment. 2 John. ch. 144. Nor does this court aid at all, till after judgment and execution also. 2 John. ch. 283. 20 John. 567. 4 John. ch. 671. 682. 687. 5 John. c. 280.

A debtor in insolvent circumstances may bona fide give a preference to any creditor. 3 John. ch. 446. That principle is incompatible with the right here claimed.

17

If this power exists, what are the limits to its exercise ? Can such a bill be filed before the commencement of a suit on like suggestions ? The same reasons would apply.

Mr. COLDEN for the complainant. This case differs from all that have occurred. The bill charges, that the defendant is selling his property for the special object of defeating the complainant's recovery ; the defendant, instead of answering, moves upon the bill, to dissolve the injunction. The intent alleged stands therefore admitted. The case differs entirely from the cases of preferring creditors, or of bona fide dispositions of property.

It may be true that no case has been decided going so far. But must not the remedy be extended ? We have no bankrupt laws in this country, and a defendant may convert all his property into money and set his creditors at defiance.

In Wiggins v. Armstrong, the plaintiff was a creditor at large ; not a creditor with a verdict recovered as here. In none of the cases cited, was it the declared object of the defendant to defeat the recovery. That circumstance forms in this case, a new and peculiar species of fraud.

Upon a verdict and a bill of exceptions, judgment might be entered. At least the court would allow it, on special application.

There are many analogous cases of interference in favor of creditors at large, to prevent the disposition of effects : as, against heirs, executors, trustees and purchasers. 3 Bro. c. c. 217. 1 Anst. 174. 1 Ves. & B. 542. : against the owner of lands claimed under an agreement of purchase. 3 Ves. & B. 168. : upon threats, 6 Vez. 706. The irreparable character of an expected injury is a constant head of equitable interference.

Mr. SPENCER in reply, denied, that judgment can be entered while a bill of exceptions is depending. It can not be, either of course, or by special order. He referred to the late statute and to the late rule of the supreme court.

THE CHANCELLOR. In the case of Wiggins against Armstrong, 2 John. ch. 144, the late chancellor held, that a creditor before judgment, is not entitled to this interposition against

his debtor.  The English cases  applicable to this question, were reviewed by the late chancellor, in that case ; and they fully establish the conclusion,  which he deduced from them. This question is therefore, entirely settled by authority.

Our laws determine  with accuracy, the time and manner, in which the property of a debtor ceases to be subject to his disposition, and becomes subject to the rights of his creditor. A creditor acquires a lien upon the lands of his debtor, by a judgment; and  upon  the  personal goods of  the debtor, by the delivery of  an execution  to  the  sheriff.   It is  only by these liens, that a creditor  has any vested or specific right, in the property of his debtor.   Before these liens are acquired, the debtor has full dominion over his property ;  he may convert one species of property into another ;  and he may alienate to a purchaser.   The rights of the debtor and those of the creditor, are thus defined by positive rules ;  and  the  points, at which, the power of the  debtor ceases and the right of the creditor commences, are clearly established.   These regulations can not be contravened or varied, by any interposition of equity.   If courts of  equity could by injunction, compel a debtor to hold his property until a judgment should be obtained against him, they would indirectly but in effect, alter these regulations of positive law.

The case now  before the court, does  not rest upon the doctrines concerning fraudulent conveyances.   The defendant is about to sell his lands, by public auction, in order, as the bill alleges, to elude the judgment which the complainant may recover.   The meditated fraud consists in an intention not to pay the judgment, which may be recovered ;  and the conversion of the defendant's lands into money, may prevent or impede the effect of an execution against his property. But such an intention does not deprive a debtor of his power of alienating to any person, who may purchase, in good faith. If a judgment should be recovered and an execution against his property, should prove ineffectual, his person will remain liable.   Here, is no collusion or fraudulent concert with any person, as a purchaser or trustee.   The sales which the defendant is about to make, may be wholly free from any fraud, between him and the purchasers.   No decree for relief, can

be made upon this bill. The sole object of this bill, is the injunction; and the sole object of the injunction, is, to compel the defendant to hold his lands, until a judgment may be recovered against him.

It is not necessary here, to inquire how far the remedies given by our laws to creditors against debtors, are adequate to the ends of justice. Some of my views of that subject, were given, in the case of Donovan against Finn, 1 Hopk. ch. 59. It suffices for the determination of this question, that by our law, the complainant has no lien or right in the lands of the defendant; that the defendant may, notwithstanding the pendency of the suit against him, sell his lands; and that equity does not vary these legal rights.

The rights of these parties in this respect, are not varied by the nature of the cause of action, or by the verdict. A creditor whose debt may be acknowledged or free from doubt, acquires no lien, otherwise than by a judgment; and a cause of action arising from tort, gives no lien, in any other manner. Nor does a verdict create any lien. Neither the existence of a just demand, nor the moral obligation of a debtor, nor the commencement and progress of a suit, can give that right, which our laws assign only to a final judgment.

In every view, it is clear, that this injunction must be dissolved.