MAYFIELD v. MAASDEN ET AL.

1. **Homestead:** PART OF BUILDING EXEMPT AS. Defendant owned a
two story brick building twenty by eighty feet, with basement, and the
part of the lot on which it was built. The front room of the basement
had been (but not since the rendition of plaintiff's judgment) used as a
barber shop. The first story above the basement, except the stairway
and two small rooms constructed by temporary partitions, was occupied
as a business room. Defendants with their family lived in the building,
and occupied the whole second story above the basement, and had the
sole use of the stairway, and used to some extent for storage the two tem-
porary rooms above referred to on the first floor above the basement:—
*Held* that the whole second story, the stairway, the basement and the
ground constituted defendant's homestead, but that the first story, ex-
cept the stairway was subject to execution.

*Appeal from Marion District Court.*

WEDNESDAY, OCTOBER 18.

ACTION in equity to establish the lien of a judgment upon
certain premises, and to subject them to the payment of the
judgment. The defendants, L. Maasden and Marie E. Maas-
den, aver that the premises constitute their homestead, and
that as such they are exempt from execution.

The premises in question consist of a fraction of a lot in
the city of Pella, on which is a two story brick building
twenty-five by eighty feet with a basement. The front room
in the basement was at one time occupied as a barber shop.
The defendants' family lives in the building occupying the
whole second story above the basement. In the first story
above the basement two small rooms were constructed by
partitions about seven feet high, and were used to some ex-
tent by the family for storage. The room in other respects
is occupied as a business room, to-wit: a grocery store, saloon
and restaurant. The building is a section of a block, and ap-
pears to have been built for business purposes. Stairs lead
from the street to the second or residence story, and the stair-
way is taken out of a corner of the business room, but it is

Mayfield v. Maasden.

enclosed, and there is no access to the second story directly from the business room.

Upon these facts, the court held that the basement room which was at one time occupied as a barber shop, and the first story were not exempt; and that there were exempt the remainder of the building and the ground upon which the same is situated, and entered a decree accordingly. The defendants appeal.

*Bolton & McCoy*, for appellants.

*Lafferty & Johnson*, for appellee.

ADAMS, J.—The defendants insist that the case comes within the rule in *Wright & Co. v. Ditzler*, 54 Iowa, 620. In that case the building was held exempt as a homestead, notwithstanding the lower story was occupied as a store. It was thought to be distinguishable from *Rhodes, Pegram & Co. v. McCormick*, 4 Iowa, 368, on account of the size and character of the building and the purpose for which it was originally intended. Some importance also was attached to the fact, that access to the second or residence story was had through the lower or business story, and through the business room itself, which rendered a sale of the lower story impossible, without a positive interference with the defendant's homestead rights. The case at bar is different, and falls more nearly, we think, within *Rhodes, Pegram & Co. v. McCormick*, and the doctrine of that case we think must govern. We are aware that the decision has been criticised, and some doubt may exist in regard to its correctness, but it has stood so long, that we should not be justified in overruling it, even if we were otherwise disposed to do so.

We have to say, however, that we do not think that the decree can be wholly sustained. The sale of the entire lower story would include the stairway by which the residence story is reached from the street. As the stairway is partitioned off, we think that so much of the lower story as is occupied

by it is exempt. It appears to us, also, that the whole base-
ment is exempt. No part appears to have been occupied for
business since the rendition of the judgment, and all not oc-
cupied for business we think should be deemed to be in-
cluded in the homestead.

As to the small apartments constructed in the first story
by partitions about seven feet high, we have to say that they
seem to constitute essentially a part of the room out of which
they are carved, which room, as we hold, being mainly a busi-
ness room, is not exempt. We see no occasion for any modi-
fication of the decree, except in regard to the stairway and
the so called barber shop. The exemption, we think, should
be extended so far as to embrace them with the other parts
held exempt.

MODIFIED AND AFFIRMED.