BONESTEEL V. DOWNS ET AL.

1. **Intoxicating Liquors:** UNLAWFUL SALE OF: LIEN ON PROPERTY USED: ENJOINING SALE OF. Pending an action to recover penalties prescribed by statute for the unlawful sale of intoxicating liquors to persons in the habit of becoming intoxicated, an injunction should not be granted restraining the defendants from selling the real and personal property used in connection with the unlawful sales, on the ground that such property may be wanted to satisfy a judgment for fines and costs; because, under, § 1558 of the Code, or;rather, (the substitute therefor,) § 12, Chap. 66, Laws' of 1886, which makes such property liable, the fines, costs and judgments do not attach as a lien until judgment has been rendered; and a judgment must exist before a debtor will be restrained by injunction from disposing of his property. (See cases cited in opinion.)

*Appeal from Cass District Court*—HON. C. F. LOOFBOUROW, Judge.

WEDNESDAY, JANUARY 25.

ACTION by N. G. Bonesteel against E. B. Downs and others to recover penalties prescribed by the statute for the unlaw- ful sale of intoxicating liquors to persons in the habit of becoming intoxicated. A temporary injunction was allowed restraining the defendants from disposing of and selling the real estate and personal property used in connection with the sale of the intoxicating liquors. The injunction was, upon motion, dissolved, and from the order of dissolution plaintiff appeals.

*H. G. Curtis*, for appellant.

*Willard & Fletcher* and *F. J. Macomber*, for appellees.

BECK, J.—I. The petition in separate counts alleges fifty- eight distinct acts in violation of the statute, by the unlaw- ful sale of intoxicating liquors to persons in the habit of becoming intoxicated. It also alleges that defendant E. D. Downs is a druggist, and used his stock of drugs to cover the unlawful sales of intoxicating liquors, thereby pretending to

comply with the law; that specified property was used by him in the violation of the law; and that the real estate occupied and used by him for such unlawful sales is owned by C. M. Downs; and such use and occupation was with the owner's knowledge. The petition prays that an injunction be allowed restraining defendants from disposing of the real estate used for the unlawful sales of intoxicating liquors, and from selling the personal property, except in the usual and ordinary course of trade. A temporary injunction was allowed, which, upon motion, was subsequently dissolved. The questions in the case involve the correctness of this action of the district court.

II. Code, § 1558, or, rather, the substitute therefor by chapter 66, § 12, Acts Twenty-first General Assembly, in reference to the enforcement of judgments for fines and penalties incurred by reason of the unlawful sales of intoxicating liquors, contains this language: " For all fines and costs assessed or judgments rendered, of any kind, against any person, for any violation of the provisions of this chapter, or costs paid by the county, on account of such violations, the personal and real property, except the homestead and the personal property of such person which is exempt from execution, as well as the premises and property, personal or real, occupied and used for the purpose, with the knowledge of the owner thereof or his agent, by the person manufacturing, or selling, or keeping with intent to sell, intoxicating liquors contrary to law, shall be liable, and all such fines, costs and judgments shall be a lien on such real estate until paid." This language very clearly provides for no lien which shall exist before judgment. It declares that the personal property of the offender, and his real estate, and the real estate used in the violation of the law with the knowledge of the owner, shall be liable for fines and costs assessed, and judgments rendered, for the violation of the statute. It then proceeds to declare that " all such fines, costs and judgments shall be a lien on such real estate until paid." This lan-

guage clearly means that the liens arise upon the fines and costs assessed and judgments. A fine only exists after judgment. One may be liable to a fine before judgment, but it is imposed only by a judgment. So, costs are assessed by judgments. It is very plain that the lien arises upon and after judgment, and not upon and after liability incurred therefor.

III. But counsel argue that under this interpretation the provision gives no additional remedy, for without it a judgment would be a lien upon the real estate, and it is not to be presumed that the legislature intended by the enactment to create no additional remedy. But, in reply to this, it is sufficient to say that it does provide an additional remedy, in that it declares that the " fines, costs assessed, and judgments rendered " shall be liens upon real estate used for the purpose of violating the law with the knowledge of the owner.

IV. As no lien is provided for by the statute except upon judgments, the courts cannot interpose by injunction, an equitable remedy, to restrain the disposition of property before judgment, and thus secure the enforcement of the lien which arises only after judgment. We think it is a settled rule that a judgment must exist before a debtor will be restrained by injunction from disposing of his property; and we know of no principle which will exempt from this rule liabilities incurred for fines, penalties and costs. In support of this conclusion, we cite the following authorities: *Buchanan v. Marsh*, 17 Iowa, 494; *Goodenough v. McCoid*, 44 Iowa, 659; *Adler v. Fenton*, 24 How., 407; *Wiggins v. Armstrong*, 2 Johns. Ch., 144; *Moran v. Dawes*, 1 Hopk. Ch., 365; *Phelps v. Foster*, 18 Ill., 309; *Bigelow v. Andress*, 31 Id., 322; 1 High, Inj., §§ 26, 27, 250, and cases cited in notes.

We reach the conclusion that the district court rightly dissolved the injunction.

AFFIRMED.