## McCLURE v. BRANIFF *et al.*

1. **Homestead:** CONVEYANCE : DEED TO SECURE MONEY ONLY. A deed of a homestead designed only to secure a loan from the grantee, the grantors continuing in possession, does not divest the grantors of their homestead rights.

2. ——: FORFEITURE BY USE FOR UNLAWFUL SALE OF INTOXICATING LIQUORS. Where a homestead owned by a husband is used by him for the unlawful sale of intoxicating liquors, it becomes liable for fines, costs and judgments rendered against him on account of such unlawful conduct; and, the title being in the husband, it makes no difference that such use of the homestead is without the consent and against the will of the wife. (See cases and statutes cited in opinion).

3. ———: TITLE IN HUSBAND : WIFE'S RIGHT TO PROTECT. In an action against a husband, who has the title to the homestead, to subject it to the payment of a judgment, the wife has such an existing interest as to entitle her to intervene for the protection of the homestead, regardless of whether her husband asserts the homestead right or not. (See cases cited in opinion).

4. Intoxicating Liquors : UNLAWFUL SALE: LIEN ON REAL ESTATE : SALE AFTER ACTION BEGUN : NOTICE : PRIORITY. Where one takes a deed or mortgage upon real estate after an action has been begun against the owner for the unlawful sale of liquors on the premises, a judgment in which action would be a lien on the real estate under section 1558 of the Code, the grantee or mortgagee takes subject to the lien of any such judgment afterwards rendered. (*O'Brien v. Putney,* 55 Iowa, 292, *followed,* and *Bonesteel v. Downs,* 73 Iowa, 685, *distinguished*).

5. ———: NUISANCE : DUTY OF COURT TO ORDER ABATEMENT. In an action to restrain and abate a liquor nuisance, where a nuisance is found and enjoined, it is error for the court to refuse an order for its abatement. (See statutes and cases cited in opinion).

*Appeal from Dallas District Court.* — HON. A. W. WILKINSON, Judge.

FILED, SEPTEMBER 6, 1888.

ACTION to restrain the keeping and for the abatement of a nuisance, commenced on the thirteenth day of January, 1886. On that day plaintiff filed his petition, in which he alleged that Barney Braniff was the owner of lot 20, block 38, in Dallas Center; that he had established, and was maintaining in a building on said lot, a place for the sale of intoxicating liquors, contrary to law ; and asking for such relief as was authorized by law. A temporary writ of injunction was issued. March 2, 1887, plaintiff filed an amendment to his petition, in which he alleged that on February 13, 1886, defendant Braniff had sold and conveyed the lot aforesaid to one L. L. Collins ; and asking that he be made a party to the action, and asking equitable relief against him. Collins filed an answer to the petition as amended, and therein admitted a conveyance to himself of the property in question ; but alleged that, while the instrument of conveyance was in form a deed, yet it was designed to secure the payment of money to the amount

of three hundred and fifty dollars, which he had advanced to Braniff to pay the balance of the purchase price of said property. A demurrer to that part of this answer which set out the character of the interest claimed, was sustained. Collins afterward filed an amendment to his answer, in which he alleged that, by the payment of the money for Braniff as claimed, he should be subrogated to the rights of the vendor to a lien. May 11, 1887, Mary S. Braniff, the wife of Barney, filed a petition of intervention, in which she alleged that the premises in question were occupied by herself and husband as a homestead from October, 1882, to January, 1884; that, from about the date last mentioned, her husband commenced using a portion of the building as a place of business, and continued to so use the same up to March 1, 1887; that the value of that portion of the building so used did not exceed three hundred dollars; that, if her husband kept for sale or sold intoxicating liquors therein contrary to law, it was without her consent, and against her protest. She asks that her homestead right be protected. Plaintiff filed an answer to this petition of intervention, in which he denied that the premises in question were a homestead; setting out the conveyance to Collins, and asking relief against intervenor. Defendant Braniff appeared, but does not seem to have filed any pleading. The cause was tried in June, 1887, and a decree rendered restraining Braniff from selling or keeping for sale intoxicating liquors in the building situated on the lot described in the petition, and adjudging him to pay an attorney's fee of one hundred dollars and costs. The court found that the interest of Collins was not affected by the proceedings, and provided that the judgment for attorney's fee and costs should not be a lien on the premises in controversy. The plaintiff appeals.

*D. W. Woodin,* for appellant.

*M. H. Baugh,* for appellees Collins and Mary S. Braniff.

McClure v. Braniff.

ROBINSON, J.—We are satisfied by the evidence that the interest of Collins in the premises in controversy is that of a mortgagee acquired during the pendency of the suit, and that intervenor and her husband have a homestead right in the premises. The business carried on by the husband was that of a grocer and restaurant keeper, but the evidence shows clearly that he kept and sold in two rooms of the building in question intoxicating liquors, contrary to law, and that intervenor had knowledge of that fact. The building is about sixteen feet wide, forty feet long, and one and one-half stories in height. The first story is divided into three rooms and a stairway. The front room was used exclusively for the business of the husband; the middle room was used chiefly for this business, but was also used in part for family purposes; the back room was used as a kitchen and living room; and the upper story was used exclusively for family purposes. A walk along the outside of the building leads from the street in front to two doors, one of which opens into the kitchen, and the other to the stairway which leads to the second story.

I. The appellant contends that, by reason of the conveyance to Collins, Braniff and wife lost their homestead right in the premises conveyed;

1. HOMESTEAD: conveyance: deed to secure money only.

but, as we have stated, the conveyance was designed to be a mortgage. Hence the homestead rights of the husband and wife were not thereby affected. The legal title of the premises was in Barney Braniff prior to the conveyance to Collins, and in law he is still the owner.

II. The next question which we need to determine is the liability of the premises, or of any part thereof,

2. ——: forfeit-ure by use for unlawful sale of intoxicating liquors.

for the payment of the judgment for attorney's fees and costs. It is well settled that a part of a building may be subjected to the payment of a judgment against the owner, while the remainder would be exempt as a homestead. See *Arnold v. Gotshall*, 71 Iowa, 572, and cases therein cited. In our opinion, the front and middle rooms were

so far devoted to business purposes as to lose the home-
stead character, except as they are to be deemed appurte-
nant to the homestead, within the meaning of section 1997
of the Code. *Smith v. Quiggans*, 65 Iowa, 637. In *Arnold
v. Gotshall*, it was held that the homestead used for the
sale of intoxicating liquors contrary to law, with the
knowledge and consent of the wife, who was the owner
of the property, was subject to the payment of a judg-
ment recovered by reason of such illegal sale. But it is
claimed, on the part of the appellees, that it is shown
that intervenor did not consent to the illegal acts in this
case ; that she was opposed to them ; and, in one
instance, caused the arrest of her husband on account
of them ; and therefore that the rule of the case last cited
does not apply. It is further urged, in this connection,
that the homestead of the family is exempt, and that
the husband cannot, by acts to which the wife is
opposed, subject the homestead to the payment of debts ;
that to so hold would authorize a violation of the law,
designed for the protection of the family, by indirect
means. Section 1988 of the Code is as follows : " Where
there is no special declaration of the statute to the con-
trary, the homestead of every family, whether owned by
the husband or wife, is exempt from judicial sale." Sec-
tion 1558 provides that, " for all fines and costs assessed or
judgments rendered, of any kind, against any person,"
for any violation of the provision of the chapter in
regard to the sale of intoxicating liquors, " the personal
and real property, except the homestead as now pro-
vided by law, of such person, as well as the premises
and property, personal or real, occupied and used for
that purpose, with the consent and knowledge of the
owner thereof, * * * shall be liable ; and all such
fines, costs, or judgments shall be a lien on such real
estate until paid." This provision was held, in *Arnold
v. Gotshall*, to be a special declaration of the statute,
within the meaning of section 1988. The homestead is
made liable by reason of the illegal occupation or use,
which is " with the consent and knowledge of the
owner." In this case the owner is the husband. *Burns*

*v. Keas*, 21 Iowa, 257. The consent by the wife is not required when the husband is the owner. It may be that this consideration of the law will in some cases cause a loss of homestead rights, and lead to hardships ; but, if so, it is beyond our control. We must interpret the law as we find it. The general assembly may have thought it better to make the homestead liable in such cases than to permit the homestead right to operate as a shield for the protection of the offender against the consequences of his wrongful acts.

III. It is contended by appellant that, since the husband has not claimed the property in controversy as

3. ——: title in husband: wife's right to protect.

exempt under the homestead law, the wife cannot maintain her petition of intervention ; especially as she does not allege therein that the husband refuses to assert the exemption. But in this view we do not concur. The interest of the wife in the homestead is an existing, and not merely a contingent, right. *Adams v. Beale*, 19 Iowa, 66. It has been held that, after the right is once acquired, the husband cannot defeat it by abandonment, so long as the wife continues to occupy it as a homestead. *Lunt v. Neeley*, 67 Iowa, 100. The wife may protect her homestead right by redeeming from a tax sale of the homestead. *Adams v. Beale, supra.* Her right being actual and existing, she is entitled to protect it through the means adopted in this case.

IV. Appellant claims that, the interest of Collins having been acquired during the pendency of this

4. INTOXICATING liquors: unlawful sale: lien on real estate: sale after action begun: notice: priority.

action, it is subject to the judgment against Braniff. Collins claims that a sale of the premises, or of any part of them, must be made subject to his interests ; and in support of his claim cites the case of *Bonesteel v. Downs*, 73 Iowa, 685. What we decided in that case was that the statute gave no lien prior to the rendition of the judgments, and hence that, according to a settled rule of law, an injunction would not lie to restrain the alienation of property used in the illegal traffic. No attempt was made to overrule the case of *O'Brien v.*

*Putney*, 55 Iowa, 292, where this court, in effect, held that, while the lien does not attach until judgment is rendered, yet the right to a lien cannot be defeated by a conveyance of the property pending litigation to enforce it. The statute provides that the property occupied or used for the illegal purpose shall be liable for the payment of judgments. The right to the lien is created by the unlawful act, and it is enforced by means of a judgment. Collins obtained his conveyance to the property in controversy a month after the filing of the petition in this case, and is therefore chargeable with notice of plaintiff's right to a lien for any judgment he might obtain in the further prosecution of the cause. The claim that he is entitled to be subrogated to the rights of the holder of the mortgage, which was paid by the money he furnished, is not sustained by the evidence, and we do not understand his counsel to urge that it is.

V. Appellant complains of the refusal of the district court to provide in the decree for the abatement of the nuisance. The decree should have so provided. Laws 1886, p. 82: *Drake v. Jordan*, 73 Iowa, 707: *McLane v. Bonn*, 70 Iowa, 753. A decree will be entered in harmony with the views we have expressed.

5. ——: nuisance: duty of court to order abatement.

MODIFIED AND AFFIRMED.