WILLIAM GRONEWEG, Assignee, Appellant, v. PETER  93  717
           BECK AND AMELIA BECK.                     122  564

**Exemptions.** Family lived in a second story of a business building.
First story contained a grocery, and, formerly a saloon. There
was a cellar below the first story. The upper story had an out-
side door and stairway. The family kept family stores in the
cellar. This cellar could only be entered through the storeroom.
*Held*, both stairs and the cellar are exempt from execution as a
homestead. *Arnold v. Gottshall*, 71 Iowa, 572, and *McClure v.
Brainiff*, 75 Iowa, 38, *distinguished*.

DEEMER, J., took no part.

*Appeal from Pottawattamie District Court.*—HON. H. E.
DEEMER, Judge.

TUESDAY, FEBRUARY 5, 1895.

This is a controversy over the alleged homestead
rights of Peter Beck and Amelia Beck, in a certain
building and lot in the city of Council Bluffs. There
was a judgment or order establishing the alleged right
in part of the property, and William Groneweg,
assignee, appeals.—*Affirmed.*

*W. H. Ware, Burke & Casady*, and *Smith McPher-
son* for appellant.

*Flickinger Bros.* for appellee.

Rothrock, J.—Peter Beck and Amelia Beck are
husband and wife and they have several children. On
the twenty-seventh day of March, 1893, Beck was the
owner of half a city lot upon which there was a brick
building, in which he and his family resided and car-
ried on a grocery store and liquor saloon. On that day,

Beck, being insolvent, made an assignment of his property, for the benefit of his creditors, in which he reserved his homestead rights in the house and lot. His stock of groceries, liquors, and fixtures were scheduled in the assignment as of the value of three thousand dollars. William Groneweg is the assignee. After the assignment was made Beck filed an application in the District Court demanding that his homestead interest in the property be set off to him and claiming that it embraced the half lot and all the buildings thereon. Groneweg, the assignee, answered the application by denying that Beck had any right of homestead because the building was a business block and not a residence, and no homestead right was at any time acquired therein. This issue was submitted to the court upon evidence introduced by both parties, and it was adjudged that Beck had an exempt homestead in all of the buildings upon the lot except a back building, called an annex, and the ground upon which the same stands.

It would be almost impossible to give a description of the buildings on the lot so that readers of this opinion, other than the parties and their counsel, would understand their location and the use to which each part was put.

We will state the facts in a general way. The half lot is twenty-two feet wide and a hundred and twelve feet long. It fronts on Main street. There is a brick building the whole width of the lot which fronts on the street and extends back some seventy feet. The building is two stories high with a basement, or cellar under it. Back of this building and adjoining it is a one story structure seventeen by thirty feet, so that there is a passageway five feet wide from a back door in the main building to the back of the lot, where there was a coal shed and water closet.

The main part of the brick building was erected for business purposes. The second story was intended for office rooms; but several years ago Beck made such changes in it that he used it for a home for his family, and he continued to reside there until the trial in the court below. He kept a grocery and a saloon in the first story and after the one story part was erected in the rear he used that for his saloon. There is really no question that the second story of the building was his homestead. The real question on the appeal of the assignee is, whether the cellar and first story and the outbuildings were part of the homestead. The court below found that they were. This finding was doubtless based upon the ground that these disputed parts of the buildings and the lot were necessary to the enjoyment of the homestead occupancy of the upper story.

We think this finding accords with the evidence. Without setting out this evidence in detail, we will say that the cellar was used for the purposes for which the cellar of a residence is usually adapted. The canned fruits for the family and other provisions, and the wash tubs and other articles of household property were kept there and there was no means of going to the cellar from the living rooms or to the back of the lot, except by going through the store room in the first story. There could not be the usual occupation of the resident rooms without the partial use of the store room. It is true there was an outside front door and a stairway in the first story to the rooms occupied exclusively by the family, but, as we have said, there was no entrance to the cellar except by going through the store room. The case in its facts is much like the case of *Wright & Co v. Ditzler*, 54 Iowa, 620, where it was held that the entire building was exempt as a homestead. See also *Cass County Bank v. Weber*, 83 Iowa, 63.

Counsel for appellant contends that the homestead right can not be maintained because the property was used for the unlawful sale of intoxicating liquors. They rely on the case of *Arnold v. Gotshall,* 71 Iowa, 572, and *McClure v. Braniff* 75 Iowa, 38. It was sought in those cases to maintain a homestead exemption in property used for saloons, as against judgments obtained by reason of the violation of the prohibitory liquor law. It was held that the part of the homestead used for the unlawful sales was not exempt, because of the provisions of section 1558 of the Code, which made the homestead, when occupied or used for the purpose of the violation of the law, subject to judgments obtained for such violations. There is no question of that kind in this case. It does not appear that any of the creditors of Beck have claims based upon any such violations of law, and they are not within the exception found in the cited sections of the Code.

II.   Beck appealed from that part of the order or judgment which held that the annex or one story part of the building was not exempt as part of the homestead. There is no valid objection to this part of the judgment. The annex, as it is called, was not necessary to the use and enjoyment of the homestead. It had an independent entrance from the side street and might be detached and removed without in any manner restricting or interfering with the homestead occupancy.

Upon both appeals the judgment of the District Court is *affirmed.*

Deemer, J. took no part in the decision of this case.