MAGGIE EDMONDS, Appellee, v. W. M. DAVIS, Sheriff *et al.,* Appellants.

Homestead: EXEMPTIONS: EVIDENCE. A sale under general execution of a portion of the premises constituting a homestead will be enjoined, where it appears that the result would be to unreasonably interfere with the use and occupation of such homestead. Evidence in the case considered and held that the sale in question should be enjoined.

*Appeal from Marion District Court.*—Hon. J. D. Gamble
Judge.

Wednesday, February 3, 1904.

Action in equity for an injunction to restrain the sale under general execution of certain described premises on the ground that such premises constitute the homestead of plaintiff. The property in controversy consists of a fractional part of a lot in the city of Knoxville, on which is situated a two-story brick-veneered building, in size twenty by fifty feet, and fronting on the street line. On the rear is a small addition, also two stories in height. The lower floor of the main building is in one room, and since the year 1892 plaintiff has occupied the front portion of such room as a millinery shop. The rear portion of the room during all that time has been used by herself and family for living purposes—sitting room, dining room, and bed-room. The first-story room in the addition has been used as a kitchen. In the second story are three rooms, two in the main building and one over the kitchen in the addition. Plaintiff is an invalid, and occupies the bed on the first floor. Her husband occupies the front room in the second story as a bed room. The other second-story room in the main building was formerly occupied as a kitchen, but at the time of the levy was in temporary use as a storage room. The room over the kitchen is used as a servant's bed-room. An inside stairway goes up from the main first-floor room to the storage room, from which there is a door into the front room. There is also an outside stairway, with a landing, from which separate doors open into the second-story rooms of the main building. The servant's room is reached by an inside back hall and stairway. The plaintiff became indebted to defendants S. Strauss & Co. in the year 1894, and, judgment having been rendered upon such indebtedness, an execution was issued and placed in the hands of the defendant Davis, as sheriff, who levied upon the first story and the middle room of the second story of the building in ques-

tion, and advertised the same for sale. A preliminary writ of injunction was allowed, which, upon trial of the action on its merits, was by decree in favor of plaintiff made permanent. Defendants appeal.—*Affirmed.*

*Crozier & McCormack* for appellants.

*Hays & Amos* for appellee.

BISHOP, J.—The only question presented for our determination is whether the property levied upon forms a part of, or is so connected with the homestead of appellee, that the same is exempt from sale on execution. Under the policy of this state, homestead and other exemption statutes are to be given a liberal construction in favor of the persons for whose benefit they were enacted. It is not always easy, however, to make practical application, where, as in this case, it is sought to subject certain designated portions of a building which is used as a homestead or in connection therewith. One thought clearly runs through all the adjudicated cases; that is, that the homestead, if such exists, should be preserved, and there can be no sale of any portion of the building if the result thereof will be to unreasonably interfere with the use and occupation of such homestead. It follows that each case presented must be determined in greater part upon the particular facts involved therein. Appellants in this case rely upon the cases of *Mayfield v. Maasden,* 59 Iowa, 517, and *Johnson v. Moser,* 66 Iowa, 536. In the former case the front portion of the first-story room was partitioned off and used as a grocery, restaurant, and saloon. The rear room was used for storage only. The upper floor was used for residence purposes, and was reached by a stairway leading from the street, and partitioned off from the first-story room. The first story, saving the stairway, was held subject to execution. In the latter case the building was four stories in height. The first story was used exclusively for business purposes, the second and third for residence purposes, and the fourth was unfinished. The first and

fourth floors were connected by inside hatchway in which
was operated a hoisting apparatus. There was an outside
stairway leading to the second floor, and also inside stairways
leading from the first floor to those above it. It was held that
the first and fourth floors were not exempt, as they could be
used by others without unreasonably interfering with the use
and occupancy of the second and third stories. We are dis-
posed to think that the cases thus cited are distinguishable
from the case now before us, and therefore are not to be ac-
cepted as controlling. Here a large portion of the first story
room was actually used for living purposes, and the rooms in
the addition could only be used conveniently in connection
therewith. The plaintiff is a cripple, unable to go up and
down stairs, and the first story is therefore absolutely essen-
tial to the continuation of her occupancy of the premises as
a place of residence. To sell a portion of the first-story room,
extending a certain number of feet back from the front,
would not only cut off access to the second-story rooms from
within, but would render it practically impossible for plain-
tiff to use and enjoy the remaining portion of the room and
the adjoining room in the addition. And we think it fairly
within the spirit of the statute to say that where it appears,
as in the case before us, that a room is used as a place of resi-
dence, the owner should not be deprived of the exemption
given by the statute, because in the prosecution of her ordi-
nary business the front windows and a portion of such room
is given over thereto. The conclusion thus reached by us
finds support, in principle at least, in the following cases, in
each of which the fact conditions presented were to a greater
or less extent identical with those presented in the instant
case, and in which the exemption was allowed: *Cass Co.
Bank v. Weber,* 83 Iowa, 63; *Smith v. Quiggans.* 65 Iowa,
637; *Groneweg v. Beck,* 93 Iowa, 717.

It follows that the decree should be and it is AFFIRMED.