SMITH v. QUIGGANS.

1. **Homestead:** EXEMPTION: FIRST FLOOR OF DWELLING USED AS GRO-
CERY: ABANDONMENT: INTENTION TO REOCCUPY. Where the head
of a family for a while occupied both floors of a building as his dwelling,
but afterwards used the lower or first floor for the purposes of a grocery
store carried on by himself, while the family occupied the second floor as
their dwelling, *held* that the first floor, being worth less than $300, was
all the time exempt as a part of the homestead, within the meaning and
spirit of § 1997 of the Code; and the fact that, after he went out of the
grocery business, he did not for a while actually use the first floor for
any purpose, though it was his intention to again occupy it with his
family, did not make it liable for his debts. *Rhodes v. McCormack*, 4
Iowa, 368, and *Mayfield v. Maasden*, 59 Id., 517, distinguished.

*Appeal from Guthrie Circuit Court.*

WEDNESDAY, APRIL 8.

PLAINTIFF instituted a suit on an account for goods sold
and delivered to defendant. An attachment was issued in the
case, which was levied on certain real estate. Defendant
filed a cross-petition, in which he alleged that said property
was his homestead, and was exempt from judicial sale for the
satisfaction of the debt sued on, and he prayed that it be
released from said levy. Plaintiff had judgment for the
amount of his claim, but, upon the trial of the issue joined on
the allegation of the cross-petition, it was adjudged that the
property was defendant's homestead, and that it was exempt
from sale for the satisfaction of plaintiff's claim, and it was
released from the levy of the attachment. Plaintiff appeals
from this judgment.

*Gatch & Weaver*, for appellant.

*Cardell & Shortley*, for appellee.

REED, J.—The property in question is a two-story building,
and the town lot on which it is situated. Defendant pur-
chased the ground and erected the building, and occupied it

with his family as a residence, before the debt to plaintiff was contracted. They lived in the lower story for some time, but afterwards moved into the second story and used that as a place of residence. The first story was divided into two rooms, and, after the family moved into the second story, they continued to use the rear room of the first story as a kitchen. Defendant went into business as a grocer, and used the front room as a store-room. Afterwards the partition between the two rooms was removed, and the whole of the first story was devoted to the use of the said business, with the exception that some of the household effects, and provisions for the use of the family, were stored in the rear part of it. Access is gained to the second story by an outside stairway. The building is 20 by 36, and cost about $800. The evidence is that the lower story is worth about $275. Defendant, as we infer, failed in business, and his stock of goods was taken possession of by another party, who used the store-room while selling them out; but it does not appear by what right they were taken. The store-room was not leased to the party; and defendant testified that it was his purpose in the future to use the whole building as a residence, and that the second story did not contain sufficient room for his family.

It is not claimed by plaintiff that either the second story or the ground on which the building is situated is subject to be sold for the satisfaction of the judgment, but he contends that the lower story of the building is not exempt from judicial sale. We think, however, that the whole property is exempt. Defendant occupied and used the first story of the building in the prosecution of his ordinary business. If this had been a separate building of the same value, and situated on the same premises, and he had used it for the same purpose, it clearly would be exempt, under section 1997 of the Code. The exemption law should be so construed as to effectuate the very object which the legislature had in view when the statute was enacted.

Regard ought to be had to the spirit of the law rather than

Smith v. Quiggans.

to its strict letter. The manifest purpose of the legislature was to exempt to the owner, in addition to the building or place occupied by him as a home for his family; the building or place which he uses and occupies in the prosecution of his ordinary business, provided it is appurtenant to the homestead, and its value does not exceed $300. If the property used by the owner for that purpose is part of the same building used by him as a home, this purpose is certainly effectuated by exempting it from sale. The intention of the law is as surely accomplished by exempting it as it would be by exempting a building similar to it which was entirely detached from the home. So long, then, as defendant continued to use and occupy the property in carrying on his business, it was exempt under the provisions of section 1997. The case is clearly distinguishable from *Rhodes v. McCormack*, 4 Iowa, 368, and *Mayfield v. Maasden*, 59 Id., 517. The property involved in those cases was either not used and occupied by the owners in the prosecution of their ordinary business, or its value exceeded the amount prescribed by the statute. We think, also, that the property did not become subject to sale when defendant ceased to carry on the business in it. Before engaging in the business he used and occupied it as a home for his family, and during the time he carried on the business he also devoted it to some extent, in connection with the second story to the same use. And it was his purpose at all times to reoccupy and use it as part of his home whenever he should cease to use it in carrying on the business.

We think, therefore, that the judgment of the circuit court is correct, and it is

AFFIRMED.