## DRAKE v. MOORE ET AL.

1. **Homestead:** OF PARTNER IN FIRM PROPERTY: RULE STATED AND
APPLIED. One partner cannot acquire a homestead in real estate
belonging to the firm of which he is a member, and hold the same
exempt from judicial sale for the satisfaction of the debts of the partner-
ship. So, where M., in his own name, but for the use of the firm of M.
& P., held a contract for a deed for the property in question, and, while
he with his family was occupying the property, he assigned the contract
to C., S. & Co., to secure certain notes which the firm was owing them;
and upon the maturity of the contract C., S. & Co. procured a deed for
the property, and afterwards conveyed it to plaintiff, *held* that, if plaint-
iff was not entitled to recover possession of the property, (which M. and
family still occupied,) he was at least entitled to a judgment against M.
for the amount of the notes (which remained unpaid) to C., S. & Co.,
and to a special execution for the sale of the property to satisfy the
judgment, notwithstanding M.'s wife did not join in the assignment of
the contract to C., S. & Co.

*Appeal from Guthrie Circuit Court.*

THURSDAY, APRIL 23.

PLAINTIFF brought this action to recover possession of a
town lot in the village of Van Nest. He alleged in his peti-
tion that he was the owner of the property, and entitled to
possession of the same, and that defendants wrongfully and
unlawfully kept him out of possession. Attached to the
petition, as an exhibit, was an abstract of title, showing the
claim of title under which plaintiff claimed the property.
This abstract shows that the property belonged originally to
the Milwaukee Land Company; that this company entered
into a contract with defendant, W. C. Moore, to sell and con-
vey the property to him; that Moore assigned the contract
to Clement, Sayre & Co.; that the Milwaukee Company exe-
cuted a warranty deed of the property to Austin Clement and
Rockwell Sayre, and that, they conveyed it by a like convey-
ance to plaintiff.

Defendants answered, admitting that they were in posses-
sion of the property, but denying that their possession was

wrongful, or that plaintiff was entitled to the possession thereof. And in a cross-petition they alleged that, after the contract was entered into with the Milwaukee Company for the purchase of the lot, they erected a building thereon, which they occupied with their family as a homestead; that defendant, W. C. Moore, assigned the contract to Clement, Sayre & Co. for the purpose of securing a debt which he was owing them; that said debt was contracted while said building and lot were occupied by defendants as a homestead; and that defendant, Josephine Moore, who is the wife of W. C., did not join in or give her consent to said assignment. The prayer of this cross-petition is that the homestead rights of defendants in the property be established, and that plaintiff be required to convey the title thereto to defendant, W. C. Moore.

Plaintiff filed a reply to defendants' cross-petition, in which he admitted that the original purpose of the assignment of the contract from W. C. Moore to Clement, Sayre & Co. was to secure an indebtedness which he was owing them; but he alleges that the real agreement between the parties was that, upon a failure by said Moore to pay the notes by which said indebtedness was evidenced at their maturity, the assignment should become absolute, and should operate to transfer all the right, title and interest of Moore in the property to the assignees, and that Moore had failed to pay said notes at their maturity, and that the same had been assigned to him by Clement, Sayre & Co. He also denies that defendants had any homestead interest in the property at the time of the assignment of the contract; and he prays that, if it shall be found that he is not entitled to the possession of the property, he may have judgment for the amount of said notes against defendant, W. C. Moore, and that he have special execution for the sale of the property in satisfaction of such judgment.

The cause was tried as an equitable action, and plaintiff had judgment as prayed for in his reply. Defendants appeal.

*Cardell & Shortley*, for appellants.

*Thomas Mattison, E. W. Weeks* and *Wright, Cummins & Wright*, for appellee.

REED, J.—The written contract which was assigned by W. C. Moore to Clement, Sayre & Co. was executed on the second of January, 1883. The assignment was made February 22, 1883, and the debt intended to be secured by the assignment was contracted in October, 1882. The debt was contracted by the firm of W. C. Moore & Company, a partnership composed of W. C. Moore and Mrs. Parmenter. This firm commenced business as general merchants in April, 1882. The business was carried on in the premises in question. About the first of January, 1882, a parol contract was entered into with the Milwaukee Land Company for the purchase of the lot in question. The town had then just been established, and the lot was entirely unimproved, and one of the conditions of the contract was that the purchaser should erect a store building on it. A conveyance of the lot was to be executed upon the completion of the building and the payment of one dollar. A two-story building was erected on the lot, but was not fully completed when the contract was reduced to writing, in January, 1883. The firm occupied it, however, in April, 1882, and carried on their business in the lower room, and the individual members of the firm lived with their families in the rooms in the second story, and the building was occupied in this manner when the debt to Clement, Sayre & Co. was contracted, and when the contract was assigned by Moore to that firm. The building cost about $900, and the evidence shows that the lower story is worth less than $300. The firm of W. C. Moore & Co., as we infer from the evidence, failed about the time of the assignment of the contract to Clement, Sayre & Co., or soon after that, and Mrs. Parmenter and her family removed from the building sometime in the summer of 1883; but Moore

and his family continued to occupy it. Under our holding in *Smith v. Quiggans*, 65 Iowa, 637, if the contract with the Milwaukee Land Company was entered into by Moore in his individual capacity, and he acquired thereunder an individual property in the premises, there can be no doubt that they were exempt from judicial sale for the satisfaction of the debt to Clement, Sayre & Co., and consequently that the assignment by Moore of the contract for the security of the debt, without the concurrence of his wife in the contract of assignment, is void under section 1990 of the Code. It is contended by plaintiff, however, that the property was, in fact, assets of the firm of W. C. Moore & Co., and consequently that defendants could not acquire the homestead right in it as against the creditors of that firm. W. C. Moore is named as the grantee in the written contract. The evidence shows, however, that the husband of Mrs. Parmenter, who acted for her in all matters pertaining to the business of the firm, was present when the parol agreement for the purchase of the lot was entered into. He assisted also in the selection of the lot. The greater portion of the cost of the building was paid by Moore. A portion of it, however, was paid by Mrs. Parmenter, and the cost of some of the materials which were used in the construction of the building was paid out of the store, and some of the labor in building it was paid for in the same manner.

Before the parol contract for the purchase of the lot was entered into, both Moore and Parmenter were engaged in farming. They were of limited means, and when this new town was established they resolved to go there and engage in business in the hope of bettering their circumstances. Moore had about $1,000, and Mrs. Parmenter had something less than that amount. The building cost, as stated above, about $900, and Moore contributed to the purchase of the stock of goods which was purchased quite as much money as his partner. During the time the business was carried on the firm paid no rent for the store-room, nor did Mrs. Parmenter or

her husband pay anything for the use of the rooms in the second story occupied by them.

These facts, which are all clearly proven, satisfy us that the purchase of the lot and the building of the house were part of the joint enterprise in which the partners agreed to engage.

The conduct of Moore in voluntarily assigning the contract as security for the debt of the firm is strong evidence that he then regarded the property as belonging to the firm. Both Mrs. Parmenter and her husband were present when the assignment was made, and it does not appear that any claim was then made that the property belonged to Moore individually, and we are satisfied that the claim that it was his property is an after-thought. We are satisfied, then that the property belonged to the firm. And we have the question whether one partner can acquire a homestead in real estate belonging to the firm of which he is a member, and hold the same exempt from judicial sale for the satisfaction of the debts of the partnership. We are very clear that a partner cannot acquire such interest in the property of the firm.

In *Hewitt v. Rankin*, 41 Iowa, 35, it is said that "real estate held by a partnership is to be regarded as the property of the firm, as to the creditors and all persons dealing with it, when necessary for the protection of their rights. The partner is to be regarded in such cases as holding only an interest in the stock or capital of the partnership, which is personal property. If the business of the firm be in operation, or there be liabilities outstanding against it, the partners have not an interest in its lands or other assets that may be regarded as property; their interest is in the stock of the firm, whatever, upon final settlement, may be due them."

Under the rule, as here announced, it is very clear that the partner can acquire no such interest in the real estate of the firm as defendants here seek to assert.

We think the judgment of the circuit court is right, and it is

AFFIRMED.