HOYT v. HOYT ET UX.

1. **Homestead:** IN REAL ESTATE BELONGING TO FIRM. One partner can not, as against his co-partner, acquire a homestead interest in real estate belonging to the partnership, whether the title be in himself or in the firm. *Drake v. Moore*, 66 Iowa, 58, followed in principle.

*Appeal from Carroll Circuit Court.*

THURSDAY, JUNE 17.

ACTION in equity to enforce the specific performance of a contract to convey real estate. The circuit court entered judgment in accordance with the prayer of the petition. Defendants appealed.

*Betzer & Betzer*, for appellants.

*George W. Paine*, for appellee.

REED, J.—The defendants, Stephen and Kate D. Hoyt, are husband and wife. The contract sought to be enforced was between plaintiff and defendant Stephen. The parties had been engaged in business for some years as partners, and the contract was entered into upon the dissolution of the firm, and was a settlement of the partnership business. By it plaintiff assumed the debts of the firm, and he agreed to surrender to Stephen Hoyt a promissory note for $4,000, which the latter had executed to him when the partnership was formed, and which was given for a one-half interest in the business, which had formerly been carried on by plaintiff,

and the property which he then had in the business. Stephen Hoyt agreed that he would pay back to plaintiff all money which he had withdrawn from the firm during its existence, and used in improving two farms which are described in the contract; also that he would convey to plaintiff three certain tracts of real estate, the title to which was held by him. The contract contains the following provision: "The intention herein is that, when the said Stephen Hoyt has paid back the money taken out and expended on both the said farms, the accounts against both shall be paid and considered settled for in full, and all further interest in any of the firm property shall belong to said M. A. Hoyt, either lands, town lots, money, notes, book-accounts, or goods; and that the said Stephen Hoyt shall receive his four thousand dollar note back, and be released from any responsibility in the payment of any debts due as against said firm."

Plaintiff seeks by this action to enforce the conveyance of the three tracts of real estate specifically described in the contract. It is proven that plaintiff has fully performed his undertakings in the contract. He delivered up the $4,000 note when the contract was executed, and has since paid the debts of the firm. No question is made as to his right to a conveyance of two of the parcels of real estate. At the time the contract was entered into, and for some time prior thereto, Stephen Hoyt occupied the other tract with his family as a place of residence, and he now claims that it was exempt to him as a homestead, and consequently that, as his wife did not concur in and sign the contract, it is of no validity as to that property. The evidence shows to our satisfaction that, when the property was purchased, it became the property of the firm. Defendant claims, however, that after its purchase it was agreed between him and plaintiff that it and another parcel of real estate which had been purchased by the firm should be withdrawn from the assets of the partnership, and that he should take the tract in question, and plaintiff should take the other tract as individual property. This claim, how-

ever, is not established by the proof. The provision of the contract quoted above shows very clearly, we think, that the parties then regarded the property as constituting part of the assets of the partnership. The three tracts are described in another portion of the contract, and there is no claim that the firm owned any other real estate. These must have been the lands and town lots referred to in the provision quoted as belonging to the firm, for it owned no other property to which the reference could have been made. The question, then, upon which the rights of the parties depend, is whether one partner can, as against his co-partners, acquire a homestead right in real estate belonging to the firm. We held in *Drake v. Moore*, 66 Iowa, 58, that such right could not be acquired as against the creditors of the firm, and it is equally clear, we think, that it cannot be acquired as against the co-partners. Real estate which belongs to a partnership is subject to all of the incidents of personal property. Together with the other assets of the firm, it constitutes a fund out of which the debts due from the firm, either to third parties or to the individual members of the firm, are to be paid; and, whether the title is in the partnership or the individual partners, it is held in trust for that purpose. None of the partners can be said to have an interest or right in it while the partnership continues. The claim of the partner is to such portion of the residue of the property as shall be found to be due him upon the final balance of the accounts of the firm after the conversion of the assets and the liquidation of the debts. *Hewitt v. Rankin*, 41 Iowa, 35; *Burnside v. Merrick*, 4 Metc., 537; *Dyer v. Clark*, 5 Id., 562. It was competent, therefore, for Stephen Hoyt to bind himself, in the contract for the settlement of the partnership business, to convey the title to the property to plaintiff. His wife had no interest or right in it, and was not a necessary party to the contract.

The judgment of the circuit court will be

AFFIRMED.