## JENKINS *v.* JENKINS.

### Opinion delivered December 10, 1906.

1. APPEAL—CHANCELLOR'S FINDING—CONCLUSIVENESS.—The finding of a chancellor will not be disturbed on appeal if it does not appear to be against the weight of evidence. (Page 70.)

2. PARTNERSHIP—PURCHASE WITH PARTNERSHIP FUNDS.—Whether property purchased with partnership funds was intended to become partnership property depends upon the intention of the parties as manifested by all the surrounding circumstances and the use to be made of it, whether for partnership or individual purpose. (Page 70.)

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*White & Altheimer,* for appellant.

1. Property purchased in the firm name, and paid for with partnership funds, becomes *eo instanti* partnership property; and in the case of real estate, charging the purchase price, subsequently, on the books of the concern against the account of one of the partners can not have the effect of divesting the title to the real estate out of the partnership. That could only be effected by proper deed of conveyance from both partners to the purchaser. Kirby's Digest, § 731.

2. If real estate is ever to be treated as personal property, it is only for the purpose of paying partnership debts. 48 Ark. 558.

3. If appellee purchased in his own name with partnership funds without the consent of his co-partner, he became trustee for his co-partner to one half of the property. 9 Ark. 518.

*Taylor & Jones,* for appellee.

1. The parties to this suit were partners in the mercantile business only—not for the purchase and sale of real estate; hence appellant's reference to 9 Ark. 518 is without application. 2. Whether a purchase is partnership or individual property depends upon the intention of the parties, to be inferred from their actions and the circumstances. 17 Am. & Eng. Enc. Law, 945.

To constitute real estate partnership property, it must be purchased for that purpose, be appropriated thereto, and be paid for with partnership funds. 101 Mass. 482; 1 Bates on

Law of Part. § § 266, 280; 24 Ill. 316; 59 N. H. 375; 72 Ala. 423; 42 Ala. 212; 23 Ala. 837.

3. Real estate purchased by partners with partnership funds for partnership purposes and appropriated to such purposes, is considered in equity as personal estate for the payment of debts and liabilities of the partnership, and the settlement of claims of the partners as between themselves. 27 L. R. A. 450; 48 Ark. 558.

McCULLOCH, J. The parties to this action, J. L. Jenkins, appellant, and P. G. Jenkins, appellee, were partners in the mercantile business at Sherrill, Arkansas, under the firm name of "P. G. Jenkins," and during the pendency of said partnership the real estate in controversy, a house and lot in Sherrill, was purchased, and the conveyance made to appellee. The purchase price was paid out of funds of the co-partnership, but the same was charged on the books of the firm to appellee. Appellant immediately moved into the house and occupied it as his home until the commencement of this action. Subsequent to the purchase of the property the co-partnership was dissolved, appellee purchasing the interest of appellant in the partnership property for the sum of $4,583.16, the payment of which was evidenced by a written receipt signed by appellant reciting that it was for his "entire interest in stock of merchandise, store fixtures and book accounts."

Appellant contends that the property was purchased to be used as a home for him, that it was paid for out of partnership funds, and was partnership property, the title being taken in the name of P. G. Jenkins, which was the style of the firm name, and that on dissolution of the firm it was allotted to him as a part of his share in the partnership property, and that appellee agreed to convey it to him.

Appellee, on the other hand, contends that the property was not purchased as partnership but as his individual property; that, though it was paid for with funds belonging to the firm, the same was at the time charged to him on the books of the firm; that he permitted appellant to enter upon and occupy the premises as his tenant under an agreement that appellant should pay rent. He also denied that said property was allotted to appellant as a part of his share of the partnership property, or that he had ever agreed to convey it to appellant.

Each of the parties introduced considerable testimony in support of their respective contentions, and the conflict in the testimony is irreconcilable. The chancellor found the facts to be in favor of appellee, and, while the question is by no means free from doubt, we can not say that the finding is against the preponderance of the testimony. That being true, it is our duty, under the rule well established by the decisions of this court, not to disturb the finding of the chancellor.

Learned counsel for appellant argue that, because the real estate was paid for out of partnership funds, it became, from that fact alone, partnership property. Not so. Whether the purchase is as partnership or individual property is a question of fact not controlled entirely by the use of partnership funds, that being only a circumstance indicating the intention of the parties. It may or may not become partnership property, according to the intention of the parties as manifested by all the surrounding circumstances and the use to be made of it, whether for partnership or individual purpose. 17 Am. & Eng. Enc. Law, 945; 1 Bates on Partnership, § § 266, 284; *Richards* v. *Manson,* 101 Mass. 482; *Hatchett* v. *Blanton,* 72 Ala. 423.

While it is undisputed that the property was paid for out of partnership funds, appellee testifies that he immediately caused the amount to be charged to himself on the books of the firm, and that appellant recognized it as a purchase for individual use by his agreement to pay rent. Under the circumstances, the amount of the purchase price being charged to appellee on the books of the firm at the time of the purchase, a presumption even does not arise that the purchase was for partnership uses.

Decree affirmed.