## SIEG v. GREENE.

(Circuit Court of Appeals, Eighth Circuit.    October 5, 1915.)

No. 4348.

1. PARTNERSHIP ⬤68—REAL ESTATE—PARTNERSHIP OR INDIVIDUAL PROPERTY.

Whether real estate bought by the members of a partnership and standing in the name of one or both partners constitutes personal assets of the firm depends largely on what funds were used in the purchase, what use was to be made of the property, and the intentions of the partners at the time.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 101–111; Dec. Dig. ⬤68.]

2. PARTNERSHIP ⬤68—PARTNERSHIP REAL ESTATE—WHEN TREATED AS PERSONALTY.

Real estate which belongs to a partnership is treated in equity as personal property only so far as it may be needed to pay the debts of the partnership and adjust the equities of the partners.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 101–111; Dec. Dig. ⬤68.]

Appeal from the District Court of the United States for the Southern District of Iowa; Smith McPherson, Judge.

On motion for rehearing.    Motion denied.

For prior opinion, see 225 Fed. 955, —— C. C. A. ——.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

LEWIS, District Judge.    The petition for rehearing in this case is based on the contention that the land, in which we held that Size had a right of homestead, was partnership property belonging to the firm of Sieg & Size, and that on that account the right of homestead did not and could not exist.

We were not much concerned with that partnership in this suit. It went out of business in 1903 and the new firm of Size & Carpenter, of which appellant was not a member, took over the brick plant of the old firm and thence engaged in the manufacture and sale of brick.

[1] 1. To establish the asserted fact that the lands were partnership assets of the firm of Sieg & Size, the petitioner relies on a brief statement of Size when on the witness stand to the effect that the lands up to July, 1910, belonged to the partnership of Sieg & Size, and also that the title which they held stood in the firm name of Sieg & Size.

If every other fact and circumstance introduced in proof were excluded, the matters relied on to sustain the contention might be prima facie sufficient, although we think it quite apparent that the testimony of Size referred to can have no other effect than a general statement that John A. Sieg and William A. Size were joint owners of the property.    It was an opinion at best and could not be taken as a statement of pure fact.    Outside of the part of the tract used

for brickyard purposes, the testimony shows that the remainder of the tract, in which it was held the right to a homestead existed, was used for farming. The farming operations on the lands were carried on, so far as the record discloses, in the same way as would ordinarily be done by tenants in common. There is no proof that the farming operations went into the partnership accounts in the operation of the brick plant. There is no proof that the original purchase of the tract was made with partnership funds. There is no proof that the farm lands were in any manner used as a part of or in connection with the brick plant or the manufacture of brick.

And it is of little significance to whom title is taken, whether in the name of one of the partners or in the names of all of them, or in the partnership name, as to whether the property constitutes firm assets. The principal and controlling factors are, with what funds the property is purchased, the uses to which it is to be put, and the intentions of the members of the partnership at the time.

In Paige v. Paige, 71 Iowa, 318, 32 N. W. 360, 60 Am. Rep. 799, the syllabus, borne out by the opinion, reads:

"Real property, bought for partnership purposes, and paid for with the undivided moneys of the partnership, is partnership property, although the conveyance is made to both the partners in their individual names."

Prior cases in that court are cited from which is deduced the rule that where land is purchased with partnership funds, and intended to be used for partnership purposes, it is to be treated as personal assets of the partnership.

In York v. Clemens, 41 Iowa, 95, it is held that if lands be bought with partnership assets for partnership purposes it is partnership property though the title be vested in the name of only one of the parties.

In Bosworth v. Hopkins, 85 Wis. 50, 55 N. W. 424, and Jenkins v. Jenkins, 81 Ark. 68, 98 S. W. 685, it is held that even though lands be bought with partnership funds, if title is taken in the name of one of the partners, the lands may be the sole property of the partner taking the title, if that be the intention of all the parties at the time.

And this court, in McKinnon v. McKinnon, 56 Fed. 411, 413, 5 C. C. A. 530, 534, said:

"It may have been that the purchase was merely an investment of surplus funds, and that it was the intention of the parties to hold the lands as tenants in common, rather than as partnership property. The fact that lands have been purchased during the existence of a firm with partnership money, and that the title has been taken in the name of one of the partners, is but a single persuasive circumstance tending to show that they are partnership assets. It is necessary to further inquire, when the intent of the parties is not manifest, whether the real estate so acquired was used for partnership purposes, or whether the income derived therefrom, and the expenses incident thereto, were carried into the partnership accounts, and treated as partnership matters. It is generally held that these latter considerations are controlling circumstances in determining whether lands purchased with the money of a firm, and held in the name of one partner, are in fact partnership assets."

[2] 2. But we think the contention is based on a misconception, and that the proposition is wholly without the issues in this case. It was not the firm of Sieg & Size and the members thereof which were

adjudged bankrupts, but the firm of Size & Carpenter and its members. The trustee in bankruptcy, appellee here, does not represent the creditors of the firm of Sieg & Size. We do not know that there are any such creditors. We cannot assume that there are. The assets of that firm subject to the payment of its debts belonged to the members thereof. Creditors of the firm of Size & Carpenter have no concern about those assets. And if it be conceded that all of the farm lands were assets of the co-partnership of Sieg & Size, there is no reason here why the individual interests of each partner therein should not have immediately attached in 1903, when that firm ceased to carry on business and thenceforth be held by them as tenants in common.

In Hewitt v. Rankin, 41 Iowa, 35, the court, after announcing the general principle that while the firm is in operation or there are liabilities outstanding against it the individual partners have no interest in its lands or other assets but their interest is only in the stock of the firm and their proportionate shares in the remainder after debts are paid, uses this language:

"When the business of the partnership is closed, and its debts are paid and there are no equities in favor of third persons requiring real estate of the firm to be held subject to the foregoing rule, the partners, or their representatives, hold a direct interest therein, and, as between them, it is to be regarded as real estate, and subject to all the rules applicable thereto."

In Hoyt v. Hoyt, 69 Iowa, 174, 28 N. W. 500, all that the court determined was that one partner could not as against his co-partner assert a homestead right in a tract of land which was partnership assets. The same court held in Drake v. Moore, 66 Iowa, 58, 23 N. W. 263, that such a right could not be acquired and asserted as against the creditors of the firm.

Real estate which belongs to a partnership is treated in equity as personal property only so far as is necessary and as it may be needed to pay the debts of the partnership and adjust the equities of the partners. Shanks v. Klein, 104 U. S. 18, 26 L. Ed. 635; Riddle v. Whitehill, 135 U. S. 621, 635, 10 Sup. Ct. 924, 34 L. Ed. 282.

The petition is denied.