### ALFRED G. STUMPF

*v.*

### VIOLET McGREGOR LITTELL et al.

[Decided February 27th, 1918.]

1. The use of partnership funds by one partner for an investment *held* not to show the engagement of the partnership in the investment, where it is established by the evidence that the partnership had a practice of drawing checks in its name, and charging the same against the partner for whose use the money was drawn.

2. Whether the funds were used for the partnership depends upon the intention of the parties, as manifested by all the circumstances, and the use to be made of it.

On pleadings and proofs.

*Messrs. Freeman & Westerhoff,* for the complainant.

*Messrs. Raymond, Mountain, Van Blarcom & Marsh,* for the defendants.

LEWIS, V. C.

A bill of complaint was filed by Alfred G. Stumpf to foreclose a mortgage made by Violet McGregor Littell and husband, the defendants, for the sum of $4,000. The mortgagors there-

upon filed an answer alleging that the money on said bond and mortgage was not due at the time of the filing of the bill, and at the same time filed a counter-claim alleging that on May 18th, 1909, the Littells executed a lease to Joseph Formanns, who, at the time, they say, was acting in behalf of Formanns, Stumpf & Sharpe, a partnership, in which Alfred G. Stumpf and Joseph Formanns were the only members. The lease was for a part of the premises described in the mortgage.

The counter-claim further sets forth that the entire transaction of the bond, mortgage and lease were partnership acts on the part of Joseph Formanns and Alfred G. Stumpf; that Formanns and Stumpf had committed waste on the leased premises, and that the defendants were entitled to set off the amount of such waste against the amount found to be due on the mortgage.

A supplemental bill was subsequently filed by the complainant, in which it was alleged that since the original bill had been filed, the bond and mortgage were now due. To this the defendants filed an amended counter-claim, in which they requested Formanns to be made a party to the suit, and that he and Stumpf be charged with the waste claim.

Both Stumpf and Formanns filed answers to the counter-claim, denying the waste, and also any and all partnership interest in the transaction.

They claimed further that Formanns is the only person interested in the lease and Stumpf the only one concerned in the mortgage.

After formal proof was offered at the hearing, as to the amount due for principal and interest on the mortgage, it was suggested and agreed to by the respective parties involved that evidence be taken to ascertain the truth of the claim of the Littells as to the joint or partnership interest of Stumpf and Formanns in the transaction, before considering any other questions raised by the pleadings.

This evidence, which is not very extensive, discloses that Joseph Formanns and Alfred G. Stumpf were engaged in a large silk dyeing business in the city of Paterson for years under the firm name of Formanns, Stumpf & Sharpe; that the property under foreclosure, and also included in the lease, is located at

Mt. Arlington, Lake Hopatcong, New Jersey; that the buildings on the tract were used for general confectionery, ice cream business and living quarters, and the ground used for holding and repairing of motor and sail boats. The lessee was also given the right to erect a marine railway on a track which extended out into the lake to a sufficient depth of water to operate the same; and, further, to underlet any of the buildings or tract.

Formanns, in his testimony, in explaining how he became interested in the matter, said that it was through his friendship for a man named Johnson, who was a mechanic, working for his brother; that this man Johnson was sickly and he desired to aid him and put him in business; that Littell did not regard him as a responsible party, and so he undertook to back him up, and, therefore, signed the lease. It was after this that, Formanns says, he began to loan money to the Littells, which resulted in the mortgage transaction.

The first loan was for $3,000, and this, subsequently, reached the sum of $4,000, when the mortgage was given which is now under foreclosure.

Both lease and mortgage offered in evidence are made to Formanns.

Formanns says that the transaction was not connected in any way with the partnership business of Formanns, Stumpf & Sharpe; and it certainly is entirely foreign in nature to the business in which this partnership was engaged. It is true, he says, that the funds which he advanced on the mortgage were taken originally out of the firm's account; but that it had been the practice in the firm to do this, and charge it eventually to their individual accounts. Stumpf corroborates Formanns on this point, and a disinterested witness, in the person of Mrs. Jean Reynolds, formerly, and for many years, the head bookkeeper for the firm, testified that it was a practice in this firm of Formanns, Stumpf & Sharpe to draw checks of the firm in their individual undertakings, and charge the same against the partner for whose use the money was drawn. She recalled the Littell transaction, and remembered drawing checks at the direction of Formanns.

The firm of Formanns, Stumpf & Sharpe had gone out of business in September, 1912, and had sold their plant to the Weidman Silk Dyeing Company, and they were unable to produce any vouchers or book accounts showing the transactions with the Littells; although they admit that the checks paid to the Littells for the money advanced on the mortgage were the firm checks.

It was disclosed by complainant's testimony, and not denied by the defendants, that no payment had been made of the principal of the mortgage; that the interest was due, and that for the tax payments on the property which had been made by the complainant, the defendants had failed to reimburse him.

The principal witness offered by the defendants is John McGregor Littell, a member of the bar of this state and of the State of Kentucky, the son of Violet McGregor Littell and William McGregor Littell. They also produced as witnesses William McGregor Littell, the father, and William H. Young and Frederick W. Watson, members of the bar of this state, who had to do with the mortgage and lease transaction. Mr. Littell, the son, handled the transaction for his parents, and is certain that when he made arrangements for the lease that Mr. Formanns told him that it was for his partner and himself; and likewise in the mortgage transaction, that at the time of the signing of the papers he asked Formanns whether he was acting for himself and his partner in the transaction and that Formanns replied in the affirmative.

It does not appear from the testimony that there was, at the time the loan was made, any special reason for the borrower to make this inquiry.

It is apparent from a perusal of the testimony of Mr. Young and Mr. Watson that they assumed that they were acting for the firm of Formanns, Stumpf & Sharpe, although both the lease and the mortgage were made to Formanns individually.

On page 51 of the testimony Mr. Young says that he drew the notes which were used temporarily, when the money was advanced to Littell in the name of Formanns, Stumpf & Sharpe, under instructions, as he recalled, of Mr. Formanns; it appearing, at the time, according to his testimony, "that Littell could not wait until we drew the $4,000 mortgage," and that he pro-

cured an advance of from $300 to $500 until such time as the papers could be drawn.

Mr. Watson says that Formanns, when he came to the office, told him that the firm was going to advance money to Littell.

A review of the entire evidence offered by the defendants does not lead me to discredit the story of Formanns and Stumpf; and, further than this, the exhibits in the case appear to sustain their contention. Moreover, there is no evidence before the court to show that Stumpf and Formanns are not responsible parties; and it seems incredible that Formanns would tell a falsehood about the transaction—a story which would injure himself, as it would relieve Stumpf of any liability for damages under the covenants of the lease. The lease is under seal, and Formanns alone is named as the lessee. The covenants therein, on his part, are his personal covenants.

The assignment of the mortgage by Formanns to Stumpf was for a full consideration. It is shown by the evidence that a relative of Formanns occupied a property on Hamilton avenue, Paterson, New Jersey, which was owned by Stumpf, and that the latter conveyed this property to Formanns in consideration of the assignment of the Littell mortgage.

The main evidence offered by the defendants to sustain their contention that the transaction was a partnership one, was the use of the partnership checks in the advances made on the mortgage; but it seems to me to be overcome by the witnesses offered by the complainant. There is nothing in the case which indicates in what way Stumpf or Formanns are benefited by severing their relationship in the transaction.

"Whether real estate purchased with partnership funds was purchased as partnership or individual property, depends upon the intention of the parties as manifested by all the surrounding circumstances, and the use to be made of it. * * * If it appears, however, that the real estate was acquired by a partner as his individual property, and the firm funds used by him in purchasing it were charged to his individual account, with the assent of his partners, such real estate would not be regarded as partnership assets." *30 Cyc. 428*, partnership; *Jenkins* v. *Jenkins, 81 Ark. 68; 98 S. W. Rep. 685; Bosworth* v. *Hopkins, 85 Wis. 50;*

*55 N. W. Rep. 424; Harvey v. Pennypacker, 4 Del. Ch. 445; Goodwin v. Richardson, 11 Mass. 469; Pitts v. Waugh, 4 Mass. 424.*

I will advise a decree in accordance with these views.