In the Matter of the ESTATE OF John
Dwight LIIKE, Deceased

Sandra Lee Liike, Intervenor–
Appellant.

No. 08–1875.

Court of Appeals of Iowa.

Oct. 7, 2009.

Rodney Powell, of The Powell Law Firm, Norwalk, for appellant.

Michael J. Lane of Johnson & Lane, Knoxville, and Boyd Boehlje, Pella, for appellee.

Heard by SACKETT, C.J., and EISENHAUER and DOYLE, JJ.

SACKETT, C.J.

Sandra Lee Liike, the widow of decedent John Liike, appeals from a district court decision approving the sale of an undivided one-half interest in a 120–acre farm in Marion County to decedent's brother, Willi Liike. Sandra contends the district court erred in (1) determining that the farm was an asset of the Liike Brothers partnership and that the sale was in accord with the partnership agreement, (2) finding that the sale of the farm was not in violation of any homestead rights Sandra claimed to have in the farm, and (3) relying on a revoked will in reaching its decision. We affirm.

## I.  SCOPE OF REVIEW.

The parties agree on our standard of review. Iowa Code section 633.33 (2007) provides that:

> Actions to set aside or contest wills, for the involuntary appointment of guardians and conservators, and for the establishment of contested claims shall be triable in probate as law actions, and all other matters triable in probate shall be tried by the probate court as a proceeding in equity.

Consequently we review de novo. Iowa R.App. P. 6.4; *In re Estate of Bates,* 492 N.W.2d 704, 705–06 (Iowa Ct.App.1992) ("An action in probate to determine the ownership of property is triable as in equity. Therefore our review is de novo."). We give weight to the district court's findings of fact, but are not bound by them. Iowa R.App. P. 6.14(6)(*g*); *Davis v. Roberts,* 563 N.W.2d 16, 19 (Iowa Ct.App. 1997).

## II.  BACKGROUND FACTS AND PROCEEDINGS.

In 1969, decedent's mother gifted the farm to decedent and his brother William Liike. The deed conveyed the farm to the brothers as tenants in common. The brothers created a partnership by oral agreement named Liike Brothers. Neither brother farmed the land and it was rented on a crop share lease. The income from the farm was put in a partnership account and the expenses for the farm were paid out of the account. The brothers reported the income and expenses on a partnership return for federal income tax purposes.

In December of 1986, a written partnership agreement was drafted. The agreement apparently intended to put in writing the brothers' prior agreement stating that the Liike Brothers partnership "shall commence on the 31st day of December, 1970," and was to continue until it was dissolved. The agreement listed the capital contribution to the partnership and showed the brothers as each making the same contribution, that is, an undivided one-half interest in the 120–acre Marion County farm and $14,500 in equipment. In addition, the agreement showed that the 120–acre farm was an asset of the partnership as of December 31, 1970. The profits and losses of the partnership were to be shared equally.

The agreement also contained the following provision relevant to this appeal:

> Upon the retirement, incapacity, or death of a partner, the remaining partner shall have the option to purchase the retired, incapacitated, or deceased partner's interest in the partnership at market value as determined by a competent appraiser elected by the remaining partner and the departing partner or his representative.

On December 31, 1996, some ten years following the execution of the written partnership agreement, John married Sandra. John and Sandra were still married at the time of his death on March 28, 2008.

John died testate. His last will and testament was executed on March 19, 2008. Among other things, it gave to Sandra John's homestead as well as all real estate he owned in the states of Iowa and Arkansas. The will did not provide a legal description of any of this property.

Following John's death, a disagreement arose between Sandra and William as to the disposition of the 120 acres. The executor of John's estate, in order to resolve the issue, filed an application with the court asking for an order with reference to the distribution of the 120 acres. The executor noted it was titled in the names of William and John as tenants in common, had been operated as a partnership, and the partnership agreement provided that the property be appraised and sold to William, the surviving partner, at the appraised price. The executor further noted that Sandra had requested John's undivided interest in the real estate be conveyed to her. The executor asked that the matter be set for hearing and that an appropriate order issue.

Following a hearing, the district court found the 120–acre farm was an asset of the partnership. The district court authorized the executor to complete the sale of decedent's one-half interest to William. Sandra challenges this ruling.

## III. FARM NOT A PARTNERSHIP ASSET.

Sandra contends the 120–acre farm is not a partnership asset. To support her position she relies in part on Iowa Code section 486A.204. This section provides in relevant part:

> 1. Property is partnership property if acquired in the name of any of the following:
>
>   a. The partnership.
>
>   b. One or more partners with an indication in the instrument transferring title to the property of the person's capacity as a partner or of the existence of a partnership but without an indication of the name of the partnership.
>
> 2. Property is acquired in the name of the partnership by a transfer to any of the following:
>
>   a. The partnership in its name.
>
>   b. One or more partners in their capacity as partners in the partnership, if the name of the partnership is indicated in the instrument transferring title to the property.
>
>   . . . .
>
> 4. Property acquired in the name of one or more of the partners, without an indication in the instrument transferring title to the property of the person's capacity as a partner or of the existence of a partnership and without use of partnership assets, *is presumed to be separate property,* even if used for partnership purposes.

(Emphasis added.)

The district court rejected Sandra's ar-

gument that section 486A.204 [1] controlled, finding this was a dispute between partners and the intent of the parties controlled whether the property belongs to the partnership or to one or more partner. It specifically found:

> Given the contents of the partnership agreement, it cannot be seriously argued that the parties to the partnership intended anything other than the disputed real estate should be considered partnership property. The intent of John is controlling on the executor of his estate.

The district court also found that at the time the partnership was formed, the applicable Iowa Code section was 544.8(1) (1985) which provided that "all property originally brought into the partnership stock ... is partnership property."

■ The district court reasoned that the 120 acres was brought into the partnership as a contribution to capital when the partnership began and it was not an after-acquired asset. The court found that section 544.8, in effect at the time of the transfer, made it clear that the real estate, as property brought into the partnership, became partnership property. The district court found, and we agree, that the 120 acres clearly was listed both as a capital contribution and an asset of the partnership at that time and would have become partnership property under then applicable law. We find no reason to disagree with this conclusion.

■ We also address Sandra's claim that by virtue of section 486A.204, the 120-acre farm is not a partnership asset. We do so without deciding whether the statute applies retroactively when it was not in effect at the time the partnership was established. If the statute did apply it would create a presumption that if the land, as here, is only in the name of one or more partners with no reference to the partnership in the transferring instrument, it is not a partnership asset. *See* Iowa Code § 486A.204(4). A presumption calls for a certain result unless the party adversely affected overcomes it with other evidence. Black's Law Dictionary 1223 (8th ed. 2004). The burden of persuasion shifts here to William to overcome the presumption. *See id.* The presumption must be overcome by a quantum of evidence. *See In re Estate of Givens*, 254 Iowa 1016, 1024, 119 N.W.2d 191, 195, (1963).

It is agreed here that the deed conveying the 120 acres to the brothers gave the farm to them as tenants in common and there are no other recorded deeds changing the manner the real estate was titled. With this admission, under the statute a presumption is created that the land was not a partnership asset. *See Benson v. Webster*, 593 N.W.2d 126, 131–32 (Iowa 1999) (describing how a party's admission may create a presumption under the law); *Van Zwol v. Branon*, 440 N.W.2d 589, 591 (Iowa 1989) (same). This inference can be rebutted by proof that the land was a partnership asset. *See Benson*, 593 N.W.2d at 131–32 (noting that a legal presumption may be overcome when undisputed and uncontroverted facts to the contrary are established); *Van Zwol*, 440 N.W.2d at 591 (same). From the record before us, there is clear, convincing, and persuasive evidence to rebut the statutory presumption.

The land was treated as a partnership asset from the time it was transferred to

---

1. Sandra does not reference the year of the code she relies on but we assume it to be the 2007 code as this was the code in effect when the executor filed a petition to admit John's will to probate. The statute was not in effect when the partnership was established as it was not enacted until 1998. *See* 1998 Iowa Acts ch. 1201, § 11.

the brothers. The brothers signed a partnership agreement showing it was an asset of the partnership as of December 31, 1970. The testimony of William was that it always was a partnership asset. The testimony of the executor and a man who lived in the neighborhood where the land was located, both of whom knew the brothers, was that they treated it as a partnership asset and that John related on occasion that the farm was in a partnership. While Sandra testified that John wished to dissolve the partnership and make a division of the property, there is no evidence that either wish ever met fruition. On our de novo review we affirm on this issue.

## IV. HOMESTEAD.

■ Sandra also contends that in ordering the sale the district court violated her homestead rights to a house located on the 120 acres. She argues it was her homestead because she and John lived in the house for nineteen years, that John gave her the homestead in his will, that the farm was not a partnership asset, and that the executor failed to give her notice to elect between the devise and her statutory share; therefore, the court was without authority to sell it.

■ The district court, in rejecting her claim, indicated it did not comprehend her contention that if the disputed property was a homestead it would negate the buy-sell provision in the partnership agreement. It pointed out that even if the partnership agreement was disregarded, John only owned an undivided one-half interest in the property and Sandra provided no authority that homestead rights under the probate code would give her any special rights in a partition action. The court further noted Sandra had made no election to take against John's will and because she is getting the bulk of John's estate under the will, it would have been foolish for her to make such an election. We agree with Sandra, as does the appellee, that Iowa homestead laws were created to further public policy designed to promote the stability of the state by preserving the home where a family may be sheltered beyond the reach of economic misfortune. *See Coyle v. Kujaczynski,* 759 N.W.2d 637, 638 (Iowa Ct.App.2008). We also recognize that Sandra was given a homestead in John's will though it was not described. However, we reject her argument for several reasons.

■ First and most importantly, we have determined that the 120–acre farm where the house was located was partnership property. Where real estate is owned by a partnership as partnership property, it is an asset of the partnership. *Fordyce v. Hicks,* 80 Iowa 272, 275–76, 45 N.W. 750, 750 (1890). One partner cannot, as against his copartner, acquire a homestead interest in real property belonging to the partnership, whether the title to the property is in the name of one partner or the partnership. *Hoyt v. Hoyt,* 69 Iowa 174, 176, 28 N.W. 500, 501 (1886); *Drake v. Moore,* 66 Iowa 58, 62, 23 N.W. 263, 265 (1885); *Hewitt v. Rankin,* 41 Iowa 35, 39 (1875). Even if it were not partnership property, John only owned an undivided one-half interest in it.

Furthermore, Sandra has failed to show that the house was her homestead. Iowa Code section 561.1 (Supp.2007) defines homestead as:

1. The homestead must embrace the house used as a home by the owner, and, if the owner has two or more houses thus used, the owner may select which the owner will retain.

. . . .

2. As used in this chapter "owner" includes but is not limited to the person, or the surviving spouse of the person,

occupying the homestead as a beneficiary of a trust that includes the property in the trust estate.

The only evidence to support Sandra's theory was her testimony that she lived in the house for nineteen years and she considered it her principal residence. Sandra testified that she was registered to vote in Marion County but she provided no additional evidence it was her homestead. She admitted she did not pay taxes on the farm and never filed for a homestead exemption in Marion County. She testified she carried an Arkansas driver's license.

Sandra's testimony is contradicted in a number of ways. The executor testified he did not consider the house John and Sandra's primary residence because Sandra and John only stayed there from April to the first of November at the latest and spent the balance of the year in Arkansas. Additionally, his testimony was that John had told him when he stayed in the house in the summer he was supposed to pay rent to the partnership. William testified the partnership had paid the property taxes, insurance, and the utility bills since 2004, and there was no rental agreement or lease for the house. While John's will gave Sandra a homestead, he did not describe it and we cannot determine it is the property at issue, particularly where there was evidence they lived part of the year in Arkansas. Sandra has failed to show she had homestead rights to the house. Having so decided we find it unnecessary to consider Sandra's other arguments on this issue and affirm the district court.

## V. OLD WILL.

Sandra also contends the district court gave undue weight to an old will, which was revoked by the current will. The district court, in a rendition of evidence presented at trial, stated that "[o]n October 15, 2006, John executed a previous will that recognized the buyout and sale option contained in the partnership agreement." Nothing in the ruling indicates that the district court considered this evidence in reaching its conclusion. While it may be evidence that John, at the time the old will was executed, considered the property partnership property, we have not considered the evidence in our de novo review and therefore need not address the issue of its admissibility. We affirm the district court in all respects.

**AFFIRMED.**

VOGEL, J., takes no part.